## Case No. 6,154a.

### HART v. ROSE.

[Hempst. 238.] [1]

Superior Court, Territory of Arkansas. Feb., 1834.

CONTRACT—DELIVERY — CONDITION PRECEDENT—EFFECT OF DEMURRER.

1. Where R. covenanted to build H. a flatboat by a certain time, the latter to furnish the plank, and to be delivered at either of two places, this is a condition precedent, to be performed by H., before any liability arises against R.; and the averment as to the delivery of the plank must be certain and positive, as to place, otherwise the declaration will be demurrable.

2. A demurrer puts in issue the sufficiency of all previous pleadings, and judgment will be given against him who committed the first fault.

Appeal from Pope circuit court.

Before JOHNSON, ESKRIDGE, and CROSS, JJ.

OPINION OF THE COURT. This case comes up by appeal from the circuit court of Pope county, and the only ground relied upon for reversing the judgment is, that the court below erred in sustaining the demurrer to a replication filed by the plaintiff. The pleadings in this cause show that [John] Hart, the plaintiff, brought an action of covenant on a writing obligatory, by which, in his declaration, he alleges that [Isaiah D.] Rose, the defendant, covenanted and bound himself, on his part, to build a flat-boat, of a certain description, and have the same completed on, or before the 5th of October, 1832, and that he, the said plaintiff, on his part, was bound to find and furnish to said Rose

[1] [Reported by Samuel H. Hempstead, Esq.]

the plank for the building said boat, to be delivered at the lower plank landing on Shoal creek, or near the river above James Patterson's field. He then avers, that within a convenient and proper time after making said agreement, mentioned in said writing obligatory, he did, according to the tenor and effect thereof, furnish to the said Rose the plank necessary for the building of said boat, at the place or places aforesaid, mentioned in said writing obligatory, according to the tenor and effect thereof. The declaration concludes by protesting that the said Rose did not perform fully and keep any thing in said writing obligatory contained, &c. The defendant plead performance, to which there was a demurrer filed and overruled by the court. The replication to the plea of performance was also demurred to by the defendant, which demurrer was sustained, upon the ground that the declaration was defective. It has been urged in argument that the court cannot go back to the declaration on a demurrer to the replication. This position, we think, cannot be sustained. The rule is, that on a demurrer the court will consider the whole record, and give judgment for the party who appears to be entitled to it. 4 East, 502. In the course of the pleadings every demurrer puts the sufficiency of all the previous pleadings in issue. Steph. Pl. 162; 1 Saund. Pl. & Ev. 432. It was not necessary, therefore, in the case before us, that the replication should have been bad, as a defect in the declaration was sufficient to justify the court in sustaining the demurrer. The stipulation on the part of the plaintiff to furnish the plank necessary for building the boat, at one or the other of two landings, must be regarded as a condition precedent, without the performance of which, no liability would be incurred by Rose on the agreement. The averments, therefore, ought to have been certain and positive as to the place where the plank was furnished, as it constituted a material and traversable fact. In the averment, as made, no issue could have been safely taken by the defendant. The subsequent pleadings in the cause did not cure this defect in the declaration, and the circuit court very properly, in our opinion, sustained the demurrer to the replication, if there had been no other cause. It may be proper to state, that the replication itself is bad in several respects. First, on the ground that it is double; second, that the obligation as to the sufficiency of plank furnished, is not positive and certain; and lastly, that the conclusion is to the country, where it should have been with a verification. We are not prepared to say that the plea of performance is good. We do not deem it necessary, however, to express any opinion on that subject. Judgment affirmed.